UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAQUEL HUNTER

     Plaintiff,

v.                                            Case No. 2:17-cv-401

MANAGED HEALTH SERVICES, INC.;
CENTENE MANAGEMENT COMPANY, LLC;
and CENTENE CORPORATION

     Defendants.

## AMENDED COMPLAINT

NOW COMES the Plaintiff, Raquel Hunter, (hereinafter, "Hunter" or "Plaintiff"), by and through her attorneys, Canfield & Lutz, LLC, and as and for her cause of action against the Defendants, Managed Health Services, Inc., (hereinafter, "Managed Health" or "Defendant"), Centene Management Company, LLC, (hereinafter, "Centene Management" or "Defendant"), and Centene Corporation, (hereinafter, "Centene" or "Defendant"), alleges and shows to the Court as follows:

### NATURE OF ACTION

1. This action arises under 28 U.S.C. §§ 2201 and 2202, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. and 42 U.S.C. §§ 1981, 1981a, and 1982, to correct unlawful employment practices on the basis of race (black), race based discrimination in the contractual relationship, and in retaliation for opposing discriminatory employment practices, as well as to provide appropriate relief to Raquel Hunter who was adversely affected by such practices.

2. Defendants subjected Plaintiff to less favorable terms and conditions of employment, unwanted hostile and abusive employment conditions, and constructively discharged her from her employment because of her race (black) and in retaliation for Plaintiff exercising her rights to complain about the illegal employment practices of Defendants; with reckless indifference to her federally protected rights. Defendants prevented Plaintiff from enjoying the property rights, as are enjoyed by white citizens and further denied her the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship, as are enjoyed by white citizens.

**PARTIES**

3. The Plaintiff, Raquel Hunter, is an adult female resident of the State of Wisconsin, who currently resides at 7031 W. Hampton Ave., Milwaukee, Wisconsin 53218. At all times relevant to this complaint, the Plaintiff was employed by Defendants.

4. At all relevant times, the Defendant, Managed Health Services, Inc. has continuously been a business with its principal offices located at 805 Park Ln., Elm Grove, WI, doing business in Wisconsin and had continuously and does now have at least 15 employees.

5. At all relevant times, the Defendant, Centene Management Company, LLC has continuously been a business with its principal offices located at 7700 Forsyth Boulevard, Suite 800, St. Louis, MO, doing business in Wisconsin and had continuously and does now have at least 15 employees.

6. At all relevant times, the Defendant, Centene Corporation has continuously been a business with its principal offices located at 7711 Carondelet Ave., Suite 800, St. Louis, MO, doing business in Wisconsin and had continuously and does now have at least 15 employees.

7. At all relevant times, the Defendants has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and sections 101 and 102 of the Civil Rights Act of 1991, 42 U.S.C. §§1981, 1981a and 1982.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

10. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

## FACTUAL ALLEGATIONS

11. Plaintiff began working for Defendants as a temporary employee in November, 2011. On January 31, 2012 Plaintiff received a permanent full time position as Program Coordinator with Defendants.

12. On August 4, 2015 Plaintiff's supervisor, Patti Damon, put together an overtime project for Plaintiff and several other employees.

13. On August 7, 2015 Damon pulled Plaintiff off the overtime project without reason. However Damon continued to allow similarly situated non-black employees to continue working on the overtime project.

14. On August 10, 2015 Plaintiff was written up by Damon and put on a Final Performance Improvement Plan for failing to follow the correct work process. Plaintiff explained to Damon that she had been following the same work process as a similarly situated non-black

3

employee. While Plaintiff was written up and put on a Final Performance Improvement Plan, the similarly situated non-black employee was not subjected to any disciplinary actions by Damon.

15. Plaintiff also received the Final Performance Improvement Plan for falsifying task outreach. However there was no policy in place at the time of the Final Performance Improvement Plan to support Damon's accusations. Eventually, after receiving notice of Plaintiff's charge of discrimination with the EEOC, Defendants then changed the policy to support Damon's accusations.

16. Damon also required Plaintiff to stay at her desk during work hours and not talk to other employees unless she was on break or at lunch. However, similarly situated non-black employees were not under the same restrictions and were able to leave their desks freely to talk to one another.

17. On or about August 19, 2015 Plaintiff filed a charge of discrimination with the EEOC against Defendant Managed Health alleging that she was discriminated against on the basis of her race (black).

18. On August 27, 2015, while in a training session, Plaintiff received a packet of papers from Defendants that used the racial slur "nigger" that was used to degrade and belittle her race. Plaintiff complained of the racial slur to Defendants' CEO, Sherry Husa.

19. During the three years Plaintiff was employed by Defendants, she received annual raises, bonuses, and tuition reimbursement; she had never had any disciplinary actions taken against her and had never been issued any verbal or written warnings prior to the Final Performance Improvement Plan given to Plaintiff by Damon.

4

20. After the discriminatory treatment she received, Plaintiff could no longer tolerate working for Defendants; her job had become extremely stressful and unbearable. The stress from the treatment she was receiving at work became so bad that she felt she had no choice but to end her employment with Defendants. Because of the racially motivated harassment and retaliation Plaintiff was receiving, she resigned effective immediately, on September 29, 2015.

21. In her resignation letter to Defendants, Plaintiff stated in part: "…Damon in my opinion has been untruthful, unfair, biased, racist, and because of her actions I can no longer work in this hostile work environment. I am disheartened by her treatment and because of the amount of stress I have been dealing with while being managed by her and the current events I can no longer work under these conditions."

22. Plaintiff notified the EEOC, both verbally on the phone, and in writing of the constructive discharge. Plaintiff had also provided the EEOC with a copy of her resignation letter to the Defendants which is part of the EEOC case file.

23. On December 13, 2016 the EEOC issued a determination finding that there is reasonable cause to believe that there were violations of Title VII.

### STATEMENT OF CLAIMS

As claims against the Defendants, Plaintiff alleges the following:

### COUNT I
### TITLE VII DISCRIMINATION BASED ON RACE

24. Plaintiff realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 23 above, inclusive, with the same force and effect as though fully set forth and repeated within.

25. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, which prohibits discrimination by covered employers on the basis of race, color, religion, or national origin.

26. More than 30 days prior to the institution of this lawsuit, Plaintiff filed a charge with the EEOC alleging violations of Title VII by Defendant. All conditions, precedent to the institution of this lawsuit, have been fulfilled.

27. During Plaintiff's employment with Defendants, Defendants engaged in unlawful employment practices in violation Title VII, 42 U.S.C. § 2000(e) *et seq.* Such practices include, but are not limited to:

    a. Subjecting Plaintiff to different terms and conditions of employment, levels of scrutiny, and discipline because of her race (black), than similarly situated non-black employees.

    b. Subjecting Plaintiff to harassment as well as unwanted, hostile, and abusive employment conditions because of her race (black).

    c. Constructively discharging Plaintiff because of her race (black) in reckless indifference to her federally protected rights.

28. The unlawful actions taken by Defendants as alleged herein, were taken in malicious, willful, wanton and reckless disregard of Plaintiff's rights as guaranteed by Title VII.

29. As a direct, foreseeable, and proximate result of Defendants' intentional discrimination, Plaintiff has suffered damages in the form of humiliation, pain, suffering, emotional distress, attorney fees and costs, loss of employment, loss of wages, future vocational loss, loss of promotional opportunities, and other employment benefits. These damages and injuries continue into the present and will continue into the foreseeable future.

## COUNT II
## TITLE VII RETALIATION FOR EXERCISING PROTECTED RIGHTS

30. Plaintiff realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 29 above, inclusive, with the same force and effect as though fully set forth and repeated within.

31. Defendants intentionally discriminated against Plaintiff by subjecting her to increased scrutiny and singling her out for selective and unwarranted discipline. Defendants ultimately constructively discharged Plaintiff's employment in retaliation for Plaintiff exercising her rights to complain about the illegal employment practices of Defendants, specifically, discrimination based on race and sex, in violation of Title VII, 42 U.S.C. 2000e, *et seq.*, and in reckless indifference to her federally protected rights.

32. The unlawful actions taken by Defendants as alleged herein, were taken in malicious, willful, wanton and reckless disregard of Plaintiff's rights as guaranteed by Title VII.

33. As a direct, foreseeable, and proximate result of Defendants' intentional discrimination, Plaintiff has suffered damages in the form of humiliation, pain, suffering, emotional distress, attorney fees and costs, loss of employment, loss of wages, future vocational loss, loss of promotional opportunities, and other employment benefits. These damages and injuries continue into the present and will continue into the foreseeable future.

## COUNT III
## 42 U.S.C. § 1981 RACE BASED DISCRIMINATION AND RETALIATION

34. Plaintiff realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 33 above, inclusive, with the same force and effect as though fully set forth and repeated within.

35. Defendants, using Plaintiff's race (black) as a motivating factor, subjected her to unwanted, hostile, and abusive employment conditions and adverse employment actions, in violation of Section 101 of the Civil Rights Act of 1991, 42 U.S.C. 1981.

36. Plaintiff, exercising her protected rights, complained about Defendants' unlawful and discriminatory employment practices, and, as a direct result, was subjected to disparate employment expectations and disciplinary treatment and was subsequently constructively discharged.

37. As a direct, foreseeable, and proximate result of Defendants' intentional discrimination, Plaintiff has suffered damages in the form of humiliation, pain, suffering, emotional distress, attorney fees and costs, loss of employment, loss of wages, future vocational loss, loss of promotional opportunities, and other employment benefits. These damages and injuries continue into the present and will continue into the foreseeable future.

## COUNT IV
## DECLARATORY JUDGMENT

38. Plaintiff realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 37 above, inclusive, with the same force and effect as though fully set forth and repeated within.

39. The allegations contained in Plaintiff's Complaint present an actual controversy between the parties in the meaning of 28 U.S.C. Section 2201.

40. Plaintiff does not have plain and adequate remedies at law for her injuries as alleged in this Complaint or to prevent future injuries of a similar nature by the same or other similarly situated Defendants, and, therefore, she invokes the Court's jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 to award declaratory relief.

8

41. During Plaintiff's employment with Defendants, Defendants engaged in unlawful employment practices in violation of 29 U.S.C. § 623(a)(l) and Title VII, 42 U.S.C. § 2000(e) *et seq*. Such practices include, but are not limited to:

    a. Subjecting Plaintiff to different terms and conditions of employment, levels of scrutiny, and discipline because of her race (black).

    b. Subjecting Plaintiff to unwanted, hostile, and abusive employment conditions because of her race (black).

    c. Constructively discharging Plaintiff because of her race (black).

    d. Subjecting Plaintiff to different terms and conditions of employment, levels of scrutiny, and discipline, and constructively discharging Plaintiff in retaliation for Plaintiff exercising her right to complain about the illegal employment practices of Defendants, specifically, discrimination based on race; in violation of Title VII, 42 U.S.C. 2000e, *et seq*., and in reckless indifference to her federally protected rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare and adjudge pursuant to 28 U.S.C. § 2201 and § 706, Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-5, and 29 U.S.C. § 623(a)(l), that by way of the adverse employment actions complained of herein, Defendants deprived Plaintiff of her right to be free from race, sex, and age based discrimination and retaliation for opposing discrimination in employment in violation of §§ 703(a) and 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*;

B. Order Defendants to make Plaintiff whole by providing appropriate back pay, front pay, compensatory damages, punitive damages, pre-judgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

C. Grant to Plaintiff her attorney fees, costs and disbursements as provided by 42 U.S.C. § 12205 and all other applicable statutes and provisions;

D. Grant to Plaintiff whatever other relief this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this complaint.

Dated at Milwaukee, Wisconsin on this the 29th Day of September, 2017.

/s/ Jason Canfield
State Bar No. 1083007
Canfield & Lutz, LLC
Attorney for the Plaintiff
1437 N Prospect Ave, Suite 200
Milwaukee, WI 53202
Ph. 414.935.2810
Fax. 414.935.2821
Jason.Canfield@CanfieldandLutz.com